UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARRIE WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:02CV00163 AGF |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendants Local 3354 American Federation of Government Employees ("Union") and Steve Hollis, a former president of the Union, to dismiss as to them Plaintiff's amended complaint, filed on May 2, 2005. For the reasons set forth below, this motion shall be granted in its entirety.

**BACKGROUND**

Plaintiff Darrie Walton filed the present nine-count amended complaint, with the assistance of appointed counsel, against three Defendants: her former employer, the United States Department of Agriculture (USDA); the Union, Plaintiff's union when she was employed by the USDA; and Hollis, the President of the Union from 1994 to 2003. Plaintiff, who is African-American, alleges that Defendants discriminated against her on the basis of race and disability (depression and multiple sclerosis) during the course of her employment with the USDA, primarily after a settlement of a discrimination claim was reached in 1993 between Plaintiff and the USDA. Plaintiff was discharged by the USDA in 1999. Plaintiff alleges in the complaint that she has "filed EEOC complaints

and other complaints against each Defendant and her administrative remedies have been exhausted." Compl. ¶ 21.

This suit has a long procedural history. The action was commenced by Plaintiff pro se on January 30, 2002. After an amended complaint was filed noting discrimination on the basis of race and age, the Union and Hollis moved to dismiss these claims against them on the ground that Plaintiff failed to exhaust her administrative remedies, in that there was no allegation or evidence in the record that Plaintiff had ever filed a charge with the Equal Employment Opportunity Commission (EEOC) against the Union and Hollis. Plaintiff, then represented by retained counsel, responded that "[w]hile Defendants' motion may be correct as to the guidelines of Title VII . . . and/or the . . . ADEA [Age Discrimination in Employment Act], the Court has not received the case through these procedural guidelines. Instead, the Court is hearing the case de novo on appeal from the MSPB [Merit Systems Protection Board] pursuant to 5 U.S.C. §§ 1204, 7702, 7703(b)(2)." Doc. #61 at 1.

On July 25, 2003, the Court granted the joint motion of the Union and Hollis to dismiss all Title VII and ADEA claims against them to the extent Plaintiff was seeking relief under Title VII and the ADEA. Doc. #64 at 5-6. The Court further held that any claims under these statutes would be barred by the applicable statute of limitations. Id. at 6-7. The Court held that to the extent that Plaintiff was asserting a claim against the Union and/or Hollis under the Civil Service Reform Act of 1978 (CSRA) for the breach of the duty of fair representation, the Court had no jurisdiction over such a claim. The Court also dismissed any claims Plaintiff intended to bring against the Union and/or

Hollis as part of an appeal of a MSPB decision, holding that these Defendants were not proper parties to such an action. Id. at 7-8. The Court added an alternative ground for dismissal of any claims under Title VII or the ADEA against Hollis, namely, that an individual cannot be held liable under those statutes. Id. at 9. In sum, the Court granted the Union and Hollis's motion to dismiss.

In the same Order, the Court also granted the USDA's motion to dismiss the complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a), which requires that a complaint be simple, clear, and direct. The Court granted Plaintiff 45 days from the date of the Order to file an amended complaint consistent with the terms of the Order and with Rules 8 and 10 (Form of Pleadings), "clearly identifying the defendant(s) against whom each claim is asserted." Id. at 11-12.

Thereafter, retained counsel was removed from the case[1] and Plaintiff's motion for the appointment of counsel was granted, as was an extension of time in which to file an amended complaint. After numerous extensions of time, the new amended complaint (entitled by Plaintiff as "First Amended Complaint") was filed, as stated above, on May 2, 2005. In the new amended complaint, Plaintiff again names the Union and Hollis as Defendants. Plaintiff alleges that as the result of her successful representation through the Union of a fellow employee, and of her providing information to the EEOC, Defendants subjected her to disciplinary actions and harassment. She further alleges that

---

[1] Retained counsel was removed and Plaintiff's motion for appointment of counsel was granted, in part, because neither Plaintiff nor the Court was able to reach retained counsel, despite numerous efforts.

Defendants failed to honor her request for accommodation due to her depression and multiple sclerosis, and that as a result of the mental anguish Defendants' actions caused her, she has been unable to find other employment since 1999. Each of the nine counts of the present complaint are brought against Defendants generally, without specifying which count is against which Defendant or Defendants. The complaint seeks relief under various federal and state provisions, as follows:

> Count I - Employment discrimination (race and sex) in her terms of employment and discharge, in violation of Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act (MHRA);
>
> Count II - Retaliation under Title VII of the Civil Rights Act;
>
> Count III - Violation of Plaintiff's rights under 42 U.S.C. § 1981;
>
> Count IV - Violation of 42 U.S.C. § 1983[2];
>
> Count V- Violation of the Americans with Disabilities Act (ADA);
>
> Count VI - Violation of the National Labor Relations Act (NLRA);
>
> Count VII - Violation of the whistleblower provisions of the CSRA and the Whistleblower Protection Act (WPA) (amending provisions of the CSRA);
>
> Count VIII - Violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights; and
>
> Count IX - Tortiuous interference with Plaintiff's ability to find employment in that she was unable to find employment since 1999 due to the mental anguish she suffered because of Defendants' above actions.

---

[2] Although this count is entitled "Violation of 42 U.S.C. § 1982," the allegations in the count refer to § 1983. Inasmuch as 42 U.S.C. § 1982 only pertains to personal or real property, which does not appear to be at issue, and § 1983 is referenced in the body of the count, the Court will assume that Plaintiff intended to reference § 1983.

## DISCUSSION

Counts I, II, and V

The Union and Hollis first argue that Counts I, II, and V should be dismissed as to them for Plaintiff's failure to exhaust administrative remedies, and under the doctrine of the "law of the case." In support of their motion to dismiss, they have submitted the June 22, 2005 affidavits of Hollis and Sharon Cooney-Smith, who is the current president of the Union and was Plaintiff's supervisor at the USDA from approximately 1992 to 1994. Each affiant attests that he or she never received notice that Plaintiff filed a charge with the EEOC or a state agency against the Union for discrimination or representational misconduct, and that in their official positions they would have received such notice if in fact a charge had been filed.

Cooney-Smith further attests that in 2004, the Union did receive notice that Plaintiff had filed an unfair labor practice charge against it with the regional office of the Federal Labor Relations Authority (FLRA), that the FLRA declined to issue a complaint on the charge, and that Plaintiff appealed that decision to the FLRA General Counsel. Attached to Cooney-Smith's affidavit is a letter dated November 30, 2004, to Plaintiff from the regional director of the FLRA. The letter states that the FLRA investigated the unfair labor practice charge filed by Plaintiff against the Union in which she claimed that the Union, through Hollis and Cooney-Smith, breached its duty of fair representation by refusing to address or pursue Plaintiff's concerns relating to the 1993 settlement agreement. The letter reviews the terms of the agreement and Plaintiff's contacts with the Union seeking assistance with compliance concerns. The letter informs Plaintiff that the

FLRA would not issue a complaint in the case, having found that Plaintiff's claim of an unfair labor practice was filed beyond the applicable statute of limitations, and that equitable tolling was not warranted. Lastly, the letter tells Plaintiff that she could appeal the decision to the FLRA's General Counsel.

In response to the motion to dismiss, Plaintiff asserts that "[o]n September 29, 1999, Plaintiff sent a complaint to the EEOC in which she specifically named the Union and Personnel as Respondents." Resp. at 3. Plaintiff references Exhibit C, which is a handwritten document from Plaintiff addressed to a named EEOC intake clerk, "Through" the named director of Plaintiff's EEO office. The document states that the Union "and Personnel/EEO/Hardy, Jr.," were in collusion with the "Agency" in a pattern of discriminatory conduct against Plaintiff in administering a 1993 settlement agreement between Plaintiff and the USDA. Hollis is not mentioned in the document. Plaintiff further states in her response to the motion to dismiss, as follows: "It is not clear from the record if the EEOC took any action regarding Plaintiff's September 29, 1999 complaint. . . . There is no evidence the complaint was sent by the EEOC to the Union." Id. & n.1.

Plaintiff also references Exhibit D, an EEO discrimination complaint she filed on July 15, 1998, against the "EEO Reprisal Panel," and asserts that one of the members of the panel was a member of the Union. The record does not contain a notice of right to sue from the EEOC mentioning the Union or Hollis. Plaintiff argues that "requirements associated with the EEOC" are not jurisdictional, and that her claims against the Union and Hollis should not be barred just because the EEOC did not handle her September 29,

1999 complaint appropriately.

The Union and Hollis reply that Plaintiff has not presented sufficient evidence that she exhausted her administrative remedies with regard to claims under Title VII and the ADA, especially in light of the absence of an EEOC notice of right to sue as to these Defendants and the affidavits of Hollis and Cooney-Smith. The Union and Hollis acknowledge that the requirement that an individual file a charge with the EEOC within 180 days from the date of the challenged employment action is not a jurisdictional requirement, but is a statute of limitations that is subject to equitable tolling. They argue, however, that this does not change the fact that a charge must be filed, even if out of time. The Union and Hollis point out that a federal agency's EEO procedures are applicable only to the federal employer, and not to a federal labor organization.

The Court first concludes that its Order of July 25, 2003, precludes reassertion of Plaintiff's claim under Title VII of the Civil Rights Act against Hollis in his individual capacity. The ADA and the MHRA also do not provide for individual liability. See Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (MHRA); Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1172 n.17 (11th Cir. 2003) (ADA; citing cases).

Additionally, upon review of the record, the Court concludes that Plaintiff has not produced sufficient evidence to undermine the Court's decision on the issue of administrative exhaustion as set forth in the Order of July 25, 2003. Plaintiff has not disputed that she never received a notice of right to sue from the EEOC as to the Union or Hollis. The Court notes that the filing requirements that apply to Title VII and the ADEA

also apply to the ADA. Accordingly, the Union and Hollis's motion to dismiss is granted as to Counts I, II, and V.

Counts IV, VI, VII, and VIII

The Union and Hollis correctly argue that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 (Count IV), as this statute applies to parties acting under color of state law and is inapplicable to private parties such as the Union and Hollis, absent some intertwining with state actors. See, e.g., Crumpley-Paterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). They also correctly argue that Plaintiff has failed to state a claim under the First, Fifth, and Fourteenth Amendments (Count VIII), which apply to governmental parties, see Alexander v. Pathfinder, Inc., 189 F.3d 735, 740 (8th Cir. 1990); under the NLRA (Count VI), which does not apply to a nonpostal federal employee, see NLRA, 29 U.S.C. § 152(2) & (3); or under the whistleblowing provisions of CSRA and the WPA (Count VII), which on their face apply to an employee's employer or management personnel who have authority to take "personnel actions," not the employee's union or its president, see 5 U.S.C. § 2302(b)(8).

Counts III and IX

The above rulings dispose of all of Plaintiff's claims against the Union and Hollis, with the exception of Counts III (§ 1981) and IX (tortuous interference). These counts are covered in the Union and Hollis's argument that <u>all</u> counts, including those set forth above, must be dismissed as to them because the CSRA precludes suits in federal district court over the representational activities of nonpostal federal employee unions and their officials. Under Title VII of the CSRA, 5 U.S.C. § 7116(b), it is an unfair labor

8

practice for a union of federal employees to discriminate in the discharge of its duty of fair representation. Charges of unfair labor practices are to be filed with the appropriate FLRA regional office, and the decision of that office is appealable to the FLRA General Counsel. A final decision of the General Counsel is judicially reviewable by a federal appellate court, not by a district court. 5 U.S.C. §§ 7118(a), 7123(a)-(b); Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 532-34 (1989).

The Union and Hollis rely on Karahalios for the proposition that the CSRA precludes a nonpostal federal employee from bringing an action in federal district court for discrimination by the employee's union or the union's agents. Karahalios held that Title VII of the CSRA does not provide a private right of action for such a claim by federal employees, but rather the FLRA had the "exclusive and final authority" over a federal employee union's breach of its duty of fair representation, which includes the duty not to discriminate. Karahalios, 489 U.S. at 533-35. Courts have interpreted Karahalios as preempting claims by federal employees involving the breach of the duty of fair representation against their unions under federal civil rights statutes, as well as under state tort law. See Montplaisir v. Leighton, 875 F.2d 1, 3-4 (1st Cir. 1989) (state claim for malpractice against union attorney for misadvice that occurred within the ambit of the collective bargaining agreement; where CSRA exclusivity applies "creative labeling cannot carry the day"); Johnson v. Principi, 2004 WL 2044258, at *5-6 (N.D. Ill. Sept. 3, 2004) (claims under Title VII of the Civil Rights Act, §1981, and the ADA against the union and the union's chief steward); Johnson v. Goper (Principi), 2001 WL 1511294, at *1-2 & n.2 (M.D. Pa. Sept. 17, 2001) (claims under Title VII of the Civil Rights Act and

9

§1981 against the union and its president); The Court adopts this approach to the present case with respect to Counts III and IX against the Union and Hollis.[3]

Plaintiff's reliance on Jennings v. American Postal Workers Union, 672 F.2d 712 (8th Cir. 1982), is misplaced. In that case, the Eighth Circuit held that a former postal employee's allegation that her former union discriminated against her on the basis of race in failing to represent her adequately stated a claim under Title VII of the Civil Rights Act, as well as under § 1981. Jennings, 672 F.2d at 715-16. The case, however, involved a postal employee, and Title VII of the CSRA does not apply to postal employees. See 39 U.S.C. § 1005 (listing sections of the CSRA that apply to postal employees). The Court in Karahalios specifically noted that Title VII of the CSRA was not a "carbon copy" of the NLRA (which applies to postal workers), and that the authority of the FLRA was not the same as that of the National Labor Relations Board (which is charged with implementing the NLRA). Karahalios, 489 U.S. at 534.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendants Steve Hollis and

---

[3] The Court's conclusion would also presumably preclude Plaintiff's action against the Union and Hollis under Title VII of the Civil Rights Act of 1964. In light of the above discussion with respect to the flaw in these claims, the Court need not conclusively decide this issue. See Tamayo v. U.S. Dep't of Labor, 1997 WL 697454, at *4 (9th Cir. Nov. 4, 1997).

Local 3354, American Federation of Government Employees, to dismiss the complaint as to them is **GRANTED** in its entirety. [Doc. #83].

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of December, 2005.